Case 1:22-cv-04706-SCJ   Document 1   Filed 11/29/22   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PATRICK HOWARD,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**WITRON INTEGRATED LOGISTICS CORP. and WIOSS ATLANTA, LP,**<br><br>**Defendant.** | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Patrick Howard, by and through the undersigned counsel, herein asserts claims against Defendants Witron Integrated Logistics Corp. and WIOSS Atlanta, LP, under the Family Medical Leave Act 29 U.S.C. § 2601 *et seq.* ("FMLA"), showing the Court as follows:

### INTRODUCTION

1. Plaintiff Howard seeks to recover damages from Defendants Witron Integrated Logistics Corp. and WIOSS Atlanta, LP, resulting from its interference with and retaliation because of his exercise of rights under the FMLA.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PATRICK HOWARD,** Plaintiff, vs. **WITRON INTEGRATED LOGISTICS CORP.** and **WIOSS ATLANTA, LP,** Defendant. | Civil Action No. _____ <br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Patrick Howard, by and through the undersigned counsel, herein asserts claims against Defendants Witron Integrated Logistics Corp. and WIOSS Atlanta, LP, under the Family Medical Leave Act 29 U.S.C. § 2601 *et seq.* ("FMLA"), showing the Court as follows:

### INTRODUCTION

1. Plaintiff Howard seeks to recover damages from Defendants Witron Integrated Logistics Corp. and WIOSS Atlanta, LP, resulting from its interference with and retaliation because of his exercise of rights under the FMLA.

**PARTIES, JURISDICTION, AND VENUE**

2. This Court's jurisdiction over Plaintiff's claims under the Family Medical Leave Act is invoked under 28 U.S.C. § 1331.

3. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

4. Plaintiff is a natural person and resident of the State of Georgia.

5. Defendant Witron is a foreign corporation organized under the laws of the State of Delaware and registered to do business in the State of Georgia.

6. Witron may be served with process on its registered agent for service, CT Corporation, 289 South Culver Street, Lawrenceville, Georgia, 30046.

7. Witron is subject to the personal jurisdiction of this Court.

8. Defendant WIOSS is a foreign Limited Partnership organized under the laws of the State of Delaware and registered to do business in the State of Georgia.

9. WIOSS may be served with process on its registered agent for service, Florian A. Stamm, at 1105 West Peachtree Street NE, Suite 1000, Atlanta, GA, 30309.

10. WIOSS is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

**Plaintiff's Employment**

11. Plaintiff Howard has worked for Defendants in a Forest Park warehouse location since approximately April 2020.

12. Witron provides logistics services to customers across the United States.

13. Witron is the General Partner of WIOSS.

14. On information and belief, WIOSS exists solely to administer employment matters for Witron's employees in the Atlanta area.

15. Throughout his employment, Plaintiff Howard has worked in the position of Inductor in the Receiving Department.

16. Throughout his employment, Plaintiff has consistently received positive evaluations and feedback for his job performance.

**FMLA Coverage**

17. Throughout his employment, Plaintiff has performed more than 1250 hours of work per year.

18. Defendants have employed 50 or more employees within 75 miles of the worksite at which they employ Plaintiff at all times during Plaintiff's employment.

19. At all relevant times, Plaintiff was an eligible employee under the FMLA.

20. At all relevant times, Witron was Plaintiff's "employer" within the meaning of the FMLA as a matter of economic reality.

21. At all relevant times, WIOSS was Plaintiff's "employer" within the meaning of the FMLA as a matter of economic reality.

**FMLA Violations**

22. Plaintiff's mother suffers from senile dementia and diabetes.

23. Plaintiff's mother's condition is a "serious health condition" within the meaning of 29 U.S.C. § 2611(11).

24. Plaintiff informed Defendants of his mother's serious health conditions and requested intermittent FMLA leave beginning in December 2021 to provide care for his mother.

25. Defendants approved Plaintiff's request for intermittent FMLA leave beginning in January 2022.

26. Under the FMLA, Plaintiff is entitled to up to 12 weeks of leave per year in connection with his mother's serious health condition.

27. Plaintiff has periodically used his FMLA leave since his approval to care for his mother due to her serious health conditions.

28. Plaintiff has followed all procedures required by Defendant for the exercise of his rights under the FMLA.

29. Beginning in May 2022, Plaintiff inquired with his supervisors about the possibility of a promotion to the available position of lead.

30. As a lead, Plaintiff would receive a higher level of wages and other benefits that he receives as an Inductor.

31. Plaintiff's supervisor Cedric and Receiving Manager Crystal Dotson have openly admitted to him that he will not be considered for promotion because he uses intermittent FMLA leave to care for his mother.

32. Dotson explained that if he had been in the Lead position first, he would not have lost the position for taking FMLA leave and that the company would have accommodated him, but that the company would not knowingly put itself in the position of having to provide FMLA leave to a Lead by promoting him.

33. Plaintiffs' conversations with his superiors were recorded.

**CLAIMS FOR RELIEF**

**Count One
FMLA Interference**

34. Defendants failed to promote Plaintiff in an attempt to prevent or discourage him from exercising his rights under the FMLA.

35. By failing to promote Plaintiff, Defendants interfered with rights afforded to Plaintiff by the FMLA.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered loss of income and loss of employment benefits.

37. Plaintiff is entitled to recover the wages and benefits he has lost because of Defendants' unlawful conduct, and interest thereon.

38. Plaintiff is entitled to recover liquidated damages in an amount equal to his lost wages and benefits pursuant to 29 U.S.C. § 2617(a)(1).

39. Plaintiff is entitled to recover his costs of litigation, including reasonable attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3).

40. Plaintiff is entitled to receive equitable relief in the form of a promotion to the position of lead pursuant to 29 U.S.C. § 2617(a)(1)(B).

## Count Two
## FMLA Retaliation

41. Plaintiff engaged in activity protected by the FMLA by taking leave in connection with his mother's serious health condition.

42. Plaintiff suffered an adverse employment action when Defendants failed to promote him.

43. Defendants discriminated against Plaintiff when they failed to promote him in retaliation for his exercise of rights under the FMLA.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered loss of wages and employment benefits.

45. Plaintiff is entitled to recover from Defendants the wages and benefits he has lost because of its unlawful conduct, and interest thereon.

46. Plaintiff is entitled to recover liquidated damages pursuant to 29 U.S.C. § 2617(a)(1).

47. Plaintiff is entitled to recover his costs of litigation, including reasonable attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3).

48. Plaintiff is entitled to receive equitable relief in the form of a promotion to the position of lead pursuant to 29 U.S.C. § 2617(a)(1)(B).

WHEREFORE, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Grant a trial by jury as to all matters properly triable to a jury;

(c) Issue an Order holding that Plaintiff was an eligible employee of both Defendants and entitled to the protections provided by FMLA;

(d) Issue an Order holding that Defendants unlawfully interfered with Plaintiff's exercise of his rights under the FMLA;

(e) Issue an Order holding that Defendants unlawfully retaliated against Plaintiff because of his exercise of rights under the FMLA;

(f)     Award Plaintiff all wages and benefits that he lost as a result of Defendants' unlawful conduct, plus liquidated damages, as required by the FMLA;

(g)     Award Plaintiff pre-judgment interest to the extent that liquidated damages are not awarded;

(h)     Award Plaintiff nominal damages;

(i)     Award Plaintiff his reasonable attorney's fees and costs of litigation;

(j)     Award Plaintiff equitable relief in the form of a promotion to the position of lead; and

(k)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 29th day of November 2022.

DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC

*s/ Matthew W. Herrington*

| | |
|---|---|
| 101 Marietta Street NW | Charles R. Bridgers |
| Suite 2650 | Georgia Bar No. 080791 |
| Atlanta, GA 30303 | Matthew W. Herrington |
| (404) 979-3150 Telephone | Georgia Bar No. 275411 |
| (404) 979-3170 Facsimile | |
| charlesbridgers@dcbflegal.com | Attorneys for Plaintiff |
| matthew.herrington@dcbflegal.com | |